UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID RUSSELL MYRLAND,)
)    CASE NO. C12-0126-JLR
Plaintiff,)
)
v.)    REPORT AND RECOMMENDATION
)
UNITED STATES OF AMERICA, *et al.*,)
)
Defendants.)
)

*Pro se* plaintiff David Russell Myrland, a federal prisoner incarcerated in FCI Sandstone, Minnesota, has filed a civil complaint that fails to describe what cause of action he intends against which defendants and for what reasons. (Dkt. 4.) Pursuant to 28 U.S.C. § 1915A(a), the Court is required to review as soon as practicable a complaint in a civil action in which a prisoner, such as Mr. Myrland, seeks redress from a governmental entity or officer or employee of a governmental entity. The Court recommends **DISMISSING** this action for frivolousness and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Mr. Myrland's complaint may be most charitably described as incomprehensible

REPORT AND RECOMMENDATION
PAGE -1

statements linked together by irrelevant citations to federal statutes. For example, although defendants are the United States, perhaps the United States Attorney, and the "Sheriff's Department" in Seattle, Mr. Myrland repeatedly asserts a *qui tam* False Claims Act action on behalf of the federal government based on defendants' violation of an unspecified contract. Thus, an illustrative paragraph is as follows:

> FOR an <u>ORIGINAL-CLAIMS</u> of the <u>FALSE-CLAIMS-ACT</u> **ARE** with the <u>KNOWLEDGE</u> of the <u>LIABILITY-DAMAGE-CLAIM</u> with the <u>FRAUDULENT-MON[E]TARY-GAINS</u> of the <u>FRAUDULENT-CONTRACT-PAYMENT</u> with the <u>FRAUDULENT-GOVERNMENT-GUISE</u> with the <u>FALSE-EQUITY-TRANSFER-CLAIM</u> of the <u>PAYMENT-OUT</u> OR: <u>FINANCIAL-GAIN-IN</u> OR with the <u>PERFORMANCE-KNOWLEDGE</u>, OR: <u>PERFOR[M]ANCE-CLAIM</u> by the <u>FRA[U]DULENT-SYNTAX-GRAMMAR-DOCUMENTS OR: FRAUDULENT-SYNTAX-GRAMMAR-STATEMENT</u> by the <u>CLAIMING-PERSON</u> OR: with the <u>CONTRACTING-PERSONS-CONSIPIRING</u> by the '<u>FALSE-CLAIMS-ACT</u>' OR with the <u>FRAUDULENT-CERTIFYING</u> of the <u>TYPE, KIND, OR: AMOUNT</u> with the <u>EQUITY [PROPERTY]</u>of the CONTRACT with the <u>CERTIFYING-PARSE-SYNTAX-GRAMMAR-CONTRACT-FRAUD-KNOWLEDGE</u> by the <u>POSTAL-AUTHORITY-GOVERNMENT</u>.

(Dkt. 4, at 6.) Similarly, Mr. Myrland alleges a violation of the Clayton Antitrust Act but does not specify who did what improper conduct and why he has standing to pursue such a claim. (*Id.* at 1.) In sum, Mr. Myrland not only fails to provide a Federal Rule of Civil Procedure Rule 8 short-and-plain statement of a non-frivolous claim, he presents pages of run-on sentences and typographical anomalies that are detached from factual circumstances and are excruciating to read.

The Court finds that it would be futile to provide Mr. Myrland with an opportunity to amend his complaint because if this complaint became comprehensible it would be an entirely different cause of action. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995)

("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). This matter should be dismissed without prejudice. A proposed order is attached.

DATED this 6th day of March, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3